INTER-CITY EQUIPMENT CORP., APPELLEE, *v.* MARDIGIAN ET AL., D. B. A. ARROW WRECKING CO., ET AL., APPELLANTS, ET AL.

(No. 5135—Decided December 6, 1961.)

*Mr. Stephan H. Gabalac* and *Mr. Hollis Allan*, for appellee.
*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern*, and *Mr. Robert W. Blakemore*, for appellants.

STEVENS, P. J. Plaintiff (appellee), in its amended petition, alleged that it furnished machinery, and repairs to machinery, used in the demolition of the Quaker Oats Company buildings by defendant (appellant) Arrow Wrecking Company, in the performance of the latter company's contract with the city of Akron, the owner; that it filed a lien therefor pursuant to law; that at the time said lien was filed, the city of Akron had on hand funds owing to Arrow Wrecking Company under its contract with the owner, and prayed that it be granted a lien against said funds, and that defendants be required to set up their interests in said funds, and that the city of Akron be ordered to pay to plaintiff, out of said funds, the sum of four thousand eighty-nine dollars and eight cents, plus attorney fees and costs.

Defendants Henry C. Mardigian and S. Mardigian, d. b. a. Arrow Wrecking Co., and Louis M. Sarko and Lawrence M. Gelman, answered that petition by a general denial.

Upon trial, it was stipulated: that plaintiff's exhibit 1 was a copy of the account filed; *that the lien of plaintiff was valid*; that the only question remaining was the amount owing from defendants to plaintiff; that Arrow Wrecking Company had entered into a contract with the city of Akron for the demolition of the Quaker Oats Company buildings, and that it was to be paid therefor $66,000; and that, at the time the affidavit for lien of plaintiff was served upon the city of Akron, said city had in its possession, under said contract, funds in excess of the amount claimed by plaintiff.

It was further stipulated: that the defendant Arrow Wrecking Company received a copy of plaintiff's account by certified mail on January 22, 1960; that on January 28, 1960, the Arrow Wrecking Company filed with the city of Akron its written notice of intention to dispute the account of plaintiff, which filing was six days after it received a copy of the plaintiff's account.

The city of Akron notified Arrow Wrecking Company on January 27, 1960, of the filing of plaintiff's attested account with the city.

After the admission into evidence of the various exhibits offered by plaintiff, plaintiff rested and moved the court for a

directed verdict for plaintiff for $4,089.08, which motion was sustained, and the verdict signed by the jury as directed.

Judgment was entered upon the verdict, returned as directed, on January 25, 1961.

A motion for a new trial was filed and overruled, and this appeal on questions of law, although technically filed on behalf of all the defendants below, was filed by the attorneys who represented only the defendants doing business as Arrow Wrecking Company and Messrs. Sarko and Gelman, and accordingly will be regarded as an appeal by those defendants only.

The city of Akron did not appeal.

Section 1311.31, Revised Code, provides:

"The owner, board, officer, or clerk, agent, or attorney thereof, upon the receipt of the statement referred to in Section 1311.29 of the Revised Code shall, or the lien claimant, his agent, or attorney, in the name of such owner, board, or officer, may, furnish the principal contractor, or subcontractor with a copy thereof, within five days after receiving it. If such principal or subcontractor fails within five days after such receipt by him, to notify, in writing, such owner, board, officer, or clerk, agent, or attorney thereof of his intention to dispute such claim, he has assented to its correctness. Thereupon such subsequent payment shall be applied by such owner, his agent, or attorney, pro rata, upon such claim, and the amounts, when due, of such claim or estimates as have been meanwhile filed by other subcontractors, materialmen, laborers, mechanics, or persons furnishing materials, and asserted to or adjusted as provided for in Sections 1311.01 to 1311.68, inclusive, of the Revised Code, before the first of such subsequent payments falls due, or within ten days thereafter."

It is urged by appellants that:

"1. The court erred in holding as a matter of law: (1) That Arrow Wrecking was required to give the city of Akron notice of its intention to dispute the claim of Inter-City within five days after receiving Inter-City's statement; (2) That the requirement in Ohio Revised Code Section 1311.31, stating that the notification of the claim from the lien claimant to the principal contractor should be in the name of the owner, was a procedural requirement only; and (3) That if Arrow Wrecking

failed to give notice of its intention to dispute the claim within five days after receiving Inter-City's statement, Arrow Wrecking could not set up any defense whatsoever.''

In this case we need give no consideration to the question of the validity of plaintiff's lien, for it was stipulated in the record that plaintiff has a valid mechanic's lien.

Did the notice to defendant principal contractor Arrow Wrecking Company conform to the requirements of Section 1311.31, Revised Code?

That section provides:

''The owner * * *, upon the receipt of the statement referred to in Section 1311.29 of the Revised Code shall, or the lien claimant, his agent, or attorney, *in the name of such owner*, * * * may, furnish the principal contractor * * * with a copy thereof, within five days after receiving it. * * *'' (Italics ours.)

The portion of the section above set forth requires the owner, upon receipt of the statement referred to in Section 1311.29, Revised Code, to give notice to the principal contractor of such receipt within five days thereof, or, in the alternative, permits the attorney for the lien claimant to furnish the principal contractor with such notice.

We hold it to be unnecessary to include the words ''in the name of such owner'' in the notice by the lien claimant to the principal contractor, where it appears from the notice given to the principal contractor by the lien claimant that a copy of the affidavit to obtain a mechanic's lien, including the attested account, was served on the owner and filed in the recorder's office for record at the same time the notice was given to the principal contractor. The principal contractor was presumed to know the law, and, upon receipt of the notice from the lien claimant, the principal contractor knew, or should have known, that the lien claimant was availing itself of its right to give notice, under the statute, to the principal contractor, and that such notice was being given in the name of, or synonomously on behalf of, the owner.

We hold the notice given by the lien claimant to have complied with the terms of the statute.

Upon a valid notice being given to the principal contractor by the lien claimant, what, then, was the duty under the statute (Section 1311.31, Revised Code) of the principal contractor?

The statute provides:

"* * * If such principal * * * contractor fails within five days after such receipt by him, to notify, in writing, such owner * * * of his intention to dispute such claim, he has assented to its correctness."

From the terms of the statute it is apparent that, if the principal contractor would escape the conclusive presumption of correctness of the claim made by the lien claimant, it must notify the owner, in writing, of its intention to dispute such claim, within five days after receipt of such statement from either the owner or the lien claimant, whichever is the earlier. If it fails so to do, it has assented to the correctness of the claim made by the lien claimant.

The stipulations above set forth show that Arrow Wrecking Company received a copy of plaintiff's account on January 22, 1960, which was earlier than the notice received from the owner, and that its notice of intention to dispute such claim was filed with the city of Akron on January 28, 1960, or six days after receipt of a copy of lien claimant's affidavit for a mechanic's lien and attached attested account.

The Supreme Court of Ohio, in the case of *Gebhart, Assignee,* v. *United States of America,* 172 Ohio St., 200, approved, at page 214, the fourth paragraph of the syllabus in *Howk* v. *Krotzer,* 140 Ohio St., 100, as follows:

" 'A statute which limits the right of a person who does work or labor upon or furnishes material for the construction of an improvement upon real estate to recover the full value of such labor or material is to be strictly construed.' "

The Supreme Court then further said (at page 215):

"It would appear from the last time this court has spoken on the question that the rule of strict construction is to be applied to protect the right of the lienholder rather than to limit it."

Construing Section 1311.31, Revised Code, strictly, so as to protect the right of the lienholder, requires the conclusion that the defendant Arrow Wrecking Co., by its failure to notify the owner of its intention to dispute the claim of the lienholder, within the time limited by the statute, conclusively assented to the correctness of said claim.

The trial court consequently did not err in directing a verdict for plaintiff for the amount claimed.

We have examined the other assignments of error presented by appellants, and find none of them to show prejudicial error, warranting a reversal of the judgment under review.

*Judgment affirmed.*

HUNSICKER and DOYLE, JJ., concur.